**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Kent Mehrkens,

                      Plaintiff,

                                            Civ. No. 05-1384 (RHK/JSM)
                                            **MEMORANDUM OPINION
                                            AND ORDER**

v.

Art Blank, M.D., Gilbert Westreich, M.D.,
Harry K. Russell, M.D., John Does I and
Jane Roes I, C.A. Foye, Ronald J. Henke,
John Does II and Jane Roes II, and Charles
Milbrandt,

                      Defendants.

Edward A. Zimmerman, The Business Lawyers, Burnsville, Minnesota, for Plaintiff.

Gregory G. Brooker, Assistant United States Attorney, Minneapolis, Minnesota, for Defendants.

**INTRODUCTION**

Plaintiff Kent Mehrkens ("Mehrkens") is a Vietnam Veteran. In 1989, he went to the Minneapolis VA Medical Center for diagnosis and treatment of an unknown medical condition, which had caused him to experience a loss of consciousness. Mehrkens alleges that doctors at the VA had diagnosed him with Post Traumatic Stress Disorder ("PTSD"), but intentionally withheld this information from him. He then filed a benefits claim with the Department of Veterans Affairs ("VA") for military service-connected PTSD, but the VA consistently denied his claim. In April 2004, the VA reversed its prior

decisions and granted benefits to Mehrkens for PTSD, retroactive to 1992.  Mehrkens alleges that Defendants failed to treat him for PTSD and lied to him and others about this condition, which deprived him of his rights to medical care and veterans' benefits.  Defendants now seek summary judgment, arguing that this Court lacks jurisdiction over Mehrkens's claims.  For the reasons set forth below, the Court will grant Defendants' Motion.

## BACKGROUND

### I.     The Parties

Mehrkens is a veteran of the Vietnam War.  (Am. Compl. ¶ III.)  Defendants Art Blank, M.D., Gilbert Westreich, M.D., and Harry K. Russell, M.D., are doctors employed by the VA.  (Id. ¶ IV.)  Mehrkens sought diagnosis and treatment from these doctors at the Minneapolis VA Medical Center.  (Id.)  Defendant C.A. Foye was the administrator in charge of adjudication of veterans' claims for benefits and was the individual who acted on Mehrkens's claims during the relevant periods.  Defendant Ronald J. Henke was the Regional Director for the Minnesota region of the VA and defendant Charles Milbrandt directed the Minneapolis VA Medical Center.[1]

---

[1] Defendants John Does I and Jane Roes I are health care professionals, not yet identified, who allegedly had access to, or involvement with, Mehrkens's diagnosis, treatment, and/or medical records at the VA.  Defendants John Does II and Jane Roes II are employees of or associated with the VA, not yet identified, who allegedly had access to, or involvement with, the processing of Mehrkens's diagnosis and treatment and/or claims for benefits.  (Am. Compl. ¶ VI.)

**II.     Procedural History**

On February 25, 1992, Mehrkens filed a claim for military service-connected PTSD with the VA. (Anderson Aff. ¶ 2.) On August 28, 1992, the VA denied the claim because (1) the diagnosis of PTSD was not supported by the details of any service-connected stressor and (2) the medical evidence in the record did not show symptoms of PTSD, such as nightmares, flashbacks, intrusive memories, hypervigilance, or startled response. (Id. ¶ 3.)

On December 6, 1993, Mehrkens re-opened his claim for VA benefits for service-connected PTSD. (Id. ¶ 4.) On April 21, 1994, the VA again denied his claim on the grounds that there was no diagnosis of PTSD and the evidence in the record did not show symptoms of PTSD. (Id. ¶ 5.)

On July 14, 1999, the Disabled American Veterans group filed a claim on behalf of Mehrkens asserting that the VA had erred in denying his claim for service-connected PTSD. (Id. ¶ 6.) On July 21, 1999, the VA denied the claim, finding that the diagnosis of PTSD was not supported by any symptoms and also finding that there was no evidence of a specific combat stressor. (Id. ¶ 7.)

On May 10, 2001, Mehrkens moved to reopen his claim for VA benefits. (Id. ¶ 8.) On June 18, 2003, the VA ruled that there was no new and material evidence to justify reopening his case. (Id. ¶ 9.) On July 14, 2003, Mehrkens appealed that decision. (Id. ¶ 10.)

On April 29, 2004, the VA reversed its prior decisions and granted VA benefits to Mehrkens for PTSD, retroactive to 1992.[2] (Id. ¶ 11.)  The VA assigned Mehrkens a 70% disability rating, effective February 25, 1992, and an individual unemployability rating effective February 16, 1999.  (Id.)  The VA's decision constituted a full grant of all of Mehrkens's claims for VA benefits.  (Id.)  On May 19, 2004, Mehrkens received a retroactive benefit payment from the VA for $202,172.00 and another retroactive benefit payment for $14,074.00 on July 26, 2004.  (Id. ¶ 12.)  Mehrkens continues to receive monthly VA benefit payments in the amount of $2,610.00.  (Id. ¶ 13.)

On July 26, 2004, Mehrkens filed an administrative claim with the VA under the Federal Torts Claims Act, seeking damages for medical malpractice and negligence. (Hiivala Aff. ¶¶ 3, 4; Pl.'s Mem. at 17.)  On June 1, 2005, he commenced this action in Minnesota state court, and on July 12, 2005, the United States removed the case to this Court.

### III. Summary of Mehrkens's Factual Allegations

Mehrkens alleges that he was referred to the Minneapolis VA Medical Center in 1989 "for diagnosis and treatment of an unknown medical condition which caused him to experience a loss of conscious control of his actions." (Am. Compl. ¶ VIII.)  Thereafter, Mehrkens alleges that physicians at the VA had diagnosed him with PTSD, but intentionally withheld this information from him and failed to provide treatment for this condition.  (Id. ¶¶ XIII, XIV, XVI, XVII, XVIII, XIX, XX, XXII, XXIV, XXVI, XXVIII, XXIX, XXX, XXXI, XXXIII, and XXXVII.)

---

[2] The Government provides no explanation as to why the VA reversed its prior decisions.

In July 2003, after several unsuccessful attempts, Mehrkens obtained his complete medical records from the VA to assist in his claim for disability compensation, evaluation, and treatment. (Id. ¶ XXXIX.) Mehrkens alleges that these records showed that the VA had diagnosed him with PTSD as early as January 1992 and that the VA withheld such information from him and others "while denying him compensation and treatment for PTSD." (Id.)

## IV. Mehrkens's Claims

Mehrkens alleges that it was beyond the scope of Defendants' employment to lie to him and others about his condition and to withhold treatment from him. (Am. Compl. ¶ XLIX.) Mehrkens asserts that these actions interfered with and *deprived him of his rights to medical care and other veterans' benefits*. (Id. ¶ XLVII (emphasis added).) Thus, Mehrkens seeks damages under the provisions of 42 U.S.C. § 1983 and the principles of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Id. ¶ L.)

Mehrkens also alleges that Defendants "knowingly and intentionally conspired" to misrepresent his condition of PTSD and *withheld treatment and benefits*. (Id. ¶¶ LII, LIII (emphasis added).) Thus, Mehrkens seeks damages under the provisions of 42 U.S.C. § 1985 and the principles of Bivens. (Id. ¶ LIV.)

Finally, Mehrkens alleges that Defendants violated his due-process rights by withholding information from him about his diagnosis of PTSD and preventing him from obtaining proper treatment for that condition. (Id. ¶ LVI.) Mehrkens asserts that this *deprived him of his rights to medical care and other veterans' benefits*. (Id. (emphasis

5

added).) In addition, he claims that Defendants misrepresented his diagnosis and condition to others who made inquiry to help him secure his benefits and proper medical care. (Id.) Thus, Mehrkens seeks damages under 42 U.S.C. § 1983 and the principles of Bivens. (Id. ¶ LVII.)

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Celotex, 477 U.S. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

At the outset, the Court must determine whether it has jurisdiction over the subject matter of Mehrkens's claims. Mehrkens maintains that the Court's jurisdiction is based on a federal question under 28 U.S.C. § 1331 and deprivation of his civil rights under 28

6

U.S.C. § 1343. Congress, however, has provided through 38 U.S.C. § 511, that a federal court's jurisdiction to hear disputes involving veterans' benefits is limited.

## I.     Veterans' Judicial Review Act

The Veterans' Judicial Review Act of 1988, 38 U.S.C. § 511 ("VJRA"), establishes a specific appellate-review structure for disputes involving veterans and the VA.[3] The process begins when the Secretary of the VA issues a decision on a veteran's claim for relief. If the veteran disagrees with the Secretary's decision, he may appeal by filing a notice of disagreement with the Board of Veterans' Appeals. 38 U.S.C. § 7105. The Board's decision is the final decision of the Secretary. 38 U.S.C. § 7104. A veteran may appeal the Secretary's final decision to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7266(a). That court has "exclusive jurisdiction" to review the decisions of the Board of Veterans' Appeals. 38 U.S.C. § 7252(a). Finally, a veteran may appeal the decision of the Court of Appeals for Veterans Claims to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. The Federal Circuit Court of Appeals has "exclusive jurisdiction" to review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292 (c)-(d)(1). The

---

[3] The VJRA provides in pertinent part:

> (a) The Secretary of [the VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . Subject to [the exceptions in] subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). The Court notes that none of the exceptions listed in § 511(b) apply in this case. As explained below, the Court finds that § 511(a) bars this Court from exercising subject-matter jurisdiction over Mehrkens's claims against the VA officials in this case.

7

decision of the Federal Circuit Court of Appeals "shall be final subject to review by the Supreme Court upon certiorari." 38 U.S.C. § 7292(c). Thus, "[t]hese provisions amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme." Hicks v. Veterans Admin., 961 F.2d 1367, 1370 (8th Cir. 1992).

Mehrkens, however, characterizes his claims as falling outside of the ambit of this review structure. He asks this Court to construe any allegations that appear to seek compensation or attack the adjudicative process of the VA as merely background for the Defendants' allegedly wrongful actions and not as claims for relief. (Pl.'s Mem. at 10-14.) As such, Mehrkens argues that his claims are limited to damages for Defendants' alleged misrepresentations about his PTSD condition and the alleged conspiracy to withhold information from him about this condition, the effect of which prevented him from obtaining proper treatment outside the VA. (Id.)

But, the VJRA created an exclusive review procedure by which veterans may resolve their disagreements with the VA. Hicks, 961 F.2d at 1369. Mehrkens cannot avoid the jurisdictional bar of the VJRA by couching his claims in terms of constitutional or tort law claims. The VJRA applies to "*all* questions of law and fact" as long as the claim is "necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a) (emphasis added).

Here, Mehrkens is not alleging a facial attack on the constitutionality of the VJRA. See Disabled Am. Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 140-41 (2d Cir. 1992) (stating that federal district courts may review facial challenges to

8

legislation affecting veterans' benefits). Instead, he is complaining about the circumstances surrounding his claim for benefits and denial of proper treatment for his condition. Such claims must be pursued under the review structure set forth under the VJRA.

In Hicks, the Eighth Circuit found that the district court lacked jurisdiction to consider a suit by a veteran who claimed that the VA reduced his VA benefits in retaliation for his exercise of First Amendment rights. Hicks, 961 F.2d at 1370. It concluded that the veteran's claim was "essentially a challenge to the reduction of benefits on a constitutional basis. As a challenge to a decision affecting benefits, it is encompassed by [the VJRA] and is not reviewable in any manner other than by the review mechanism set forth by Chapter 72 of Title 38." Id.

Similarly, Mehrkens's claim that VA officials violated his constitutional rights by "conspiring" to deny him VA benefits and treatment for PTSD "is essentially a challenge to the . . . benefits on a constitutional basis" and "a challenge to a decision affecting benefits." Id.

Other decisions support the Eighth Circuit's conclusion in Hicks. See Zuspann v. Brown, 60 F.3d 1156, 1159 (5th Cir. 1995) ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case"); Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994) (federal district courts "do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms"); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1501 (2d Cir. 1992) (VJRA barred veteran's claim that VA

9

violated his constitutional due-process rights by failing to provide him with adequate care).

The Court also finds Weaver v. United States, 98 F.3d 518 (10th Cir. 1996), instructive. In Weaver, a veteran alleged that certain VA employees had conspired to conceal or lose his medical records, in an attempt to prevent him from receiving just military-disability compensation. Id. at 519. The Tenth Circuit examined the substance of these allegations, rather than the veteran's labels, to determine their true nature. Id. at 520. The court found that the allegations "seek review of actions taken in connection with the denial of [the veteran's] administrative claim for benefits. They are, in substance, nothing more than a challenge to the underlying benefits decision." Id. The Tenth Circuit concluded that the district court lacked subject matter jurisdiction over the veteran's action. Id.

Mehrkens acknowledges that the claims of the veteran in Weaver resemble his claims here. (See Pl.'s Mem at 18.) However, he argues that he is not suing for the loss of disability compensation. Instead, Mehrkens asserts that "he is suing because the conspiracy, concealment, and lying about his diagnoses and condition deprived him of his constitutional right to seek medical care from sources other than the VA." (Id.) As such, Mehrkens argues that his injury does not arise from or relate in any way to the claim for VA benefits. The Court disagrees. As in Weaver, Mehrkens seeks a review of the VA's actions taken in connection with his claim for benefits, which is essentially nothing more than a challenge to the underlying benefits decision. Weaver, 98 F.3d at 520. Therefore, this Court lacks jurisdiction to consider Mehrkens's action.

Mehrkens also tries to avoid the VJRA by suing individual VA employees under a Bivens theory that attempts to cloak this case in constitutional language. In Bivens, the Supreme Court held that a violation of a person's Fourth Amendment rights by federal officers, acting under color of federal law, gives rise to a federal cause of action for the unconstitutional conduct, despite the absence of any statute conferring such a right. Bivens, 403 U.S. at 394. "The Supreme Court has allowed Bivens actions in situations where, as in Bivens itself, there were no special factors counselling hesitation in the absence of affirmative action by Congress, no statutory prohibition against the relief sought, and no exclusive statutory remedy." Zuspann, 60 F.3d at 1160 (internal quotations and citations omitted).

Mehrkens seeks damages under a Bivens theory for Defendants' conduct in handling his claim for VA benefits. In Mehrkens's Amended Complaint, he states:

> Defendants' actions deprived [him] of his rights secured by the Fifth Amendment to the United States Constitution and the laws of the United States not to be deprived of his rights to life, liberty, or property without due process of law by depriving [him] of his liberty interests and property interests in his statutory rights to medical care and other veteran's benefits without due process of law[.]

(Am. Compl. ¶ LVI.)

However, in accordance with Bush v. Lucas, 462 U.S. 367 (1983), and Schweiker v. Chilicky, 487 U.S. 412 (1988), the Court finds that Mehrkens does not have a Bivens cause of action against the VA employees.

In Bush, an employee of the National Aeronautics and Space Administration filed an action against the director of the George C. Marshall Space Center for alleged

11

violations of the employee's First-Amendment rights. 462 U.S. at 369-71. The Supreme Court concluded that the employee did not have a right to assert a <u>Bivens</u> action when federal legislation had already set up "an elaborate remedial system that ha[d] been constructed step by step, with careful attention to conflicting policy considerations." <u>Id.</u> at 388.

Similarly, in <u>Chilicky</u>, the Supreme Court declined to find that social security recipients had a private right of action against the state and federal officials who administered the benefits program. 487 U.S. at 425-29. The Supreme Court explained that:

> Congress has failed to provide for 'complete relief': respondents have not been given a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits. The creation of a <u>Bivens</u> remedy would obviously offer the prospect of relief for injuries that must now go unredressed. Congress, however, has not failed to provide meaningful safeguards or remedies for the rights of persons situated as respondents were.

<u>Id.</u> at 425 (internal citation omitted).

Mehrkens relies on <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and <u>Davis v. Passman</u>, 442 U.S. 228 (1979), to support his <u>Bivens</u> claims and the proposition that the VJRA does not provide an adequate remedy. However, <u>Bush</u> was based on a careful analysis of <u>Bivens</u>, <u>Carlson</u>, and <u>Davis</u>. <u>See</u> <u>Bush</u>, 462 U.S. at 376-78. Moreover, the VJRA provides an exclusive review procedure by which veterans may resolve their disputes with the VA. Thus, Congress has indicated that the Court's power should not be exercised based on the VJRA.

Notably, in Sugrue, the Second Circuit Court of Appeals upheld the dismissal of a Bivens action by a veteran who had alleged due-process violations relating to his claim for VA benefits. 26 F.3d at 9. The court declined to imply a Bivens remedy in an action against employees of the VA arising from the denial of benefits. Id. at 11. The court stated:

> As in Bush and Chilicky, the scheme of review for veterans' benefit claims provides meaningful remedies in a multitiered and carefully crafted administrative process. Further, the fact that Congress has explicitly foreclosed a remedy in Article III courts against the VA, see § 511(a), and the policies underlying that prohibition . . . suggest that Congress' failure to create a remedy against individual employees of the VA was not an oversight.

Sugrue, 26 F.3d at 12 (internal citation omitted).

Likewise, this Court determines that there is no Bivens remedy against the VA officials arising from a decision affecting benefits.[4] Thus, "[t]his is a situation in which Congress has set up an elaborate remedial structure; the administrative process created by Congress provides for a comprehensive review of veterans' benefits disputes." Zuspann, 60 F.3d at 1161. As such, Mehrkens will have to pursue his claims through each of the various administrative levels before seeking Federal Circuit appellate review.

---

[4] Other circuits addressing this issue have followed this analysis. See, e.g., Zuspann, 60 F.3d at 1160 ("We agree with the Second Circuit Court of Appeals that the reasoning of Bush and Chilicky applies in the context of veterans' benefits, and that no Bivens remedy exists against VA employees."); Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995) ("The district court correctly held that a Bivens action was inappropriate in light of the comprehensive, remedial structure of the VJRA.").

## CONCLUSION

The circumstances surrounding Mehrkens's efforts to obtain a diagnosis and treatment for his condition and how the VA handled this matter and his claim for benefits are not the issues confronting the Court.  The only issue is whether Mehrkens may bring this case in federal district court.  Congress has set up an exclusive review structure for disputes involving veterans and the VA.  Therefore, the Court concludes that it lacks subject matter jurisdiction to hear Mehrkens's claims.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 45) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August  2 , 2007

                                                          s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge